Wu v. Holder

BIA
Gordon-Uruakpa, IJ
A089 094 899

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand fourteen.

PRESENT:
>        PIERRE N. LEVAL,
>        JOSÉ A. CABRANES,
>        CHRISTOPHER F. DRONEY,
>             *Circuit Judges.*

_____

ZHI YOU WU,
>        *Petitioner,*

>        v.                                    13-336
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Gerald Karikari, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Justin R. Markel, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhi You Wu, a native and citizen of China, seeks review of a January 3, 2012, decision of the BIA affirming the July 7, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi You Wu*, No. A089 094 899 (B.I.A. Jan. 3, 2012), *aff'g* No. A089 094 899 (Immig. Ct. N.Y. City Jul. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications, like Wu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the

2

plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, the agency reasonably based its adverse credibility determination on Wu's inconsistent testimony and failure to corroborate. First, the agency reasonably found Wu not credible based on the inconsistency between his testimony that he had been detained, and the omission of that information from his asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166 n.3. At the hearing, Wu testified that he had been detained for three days by the family planning office, but on his asylum application he stated he had never been detained. When questioned about the discrepancy, he had no explanation. The failure to explain the inconsistency was reasonably relied upon by the agency. *See Majidi v. Gonzales*, 430 F.3d

3

77, 80 (2d Cir. 2005). Moreover, this inconsistency goes to the heart of Wu's claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166 n.3.

Second, the agency reasonably found that the lack of corroboration further harmed Wu's credibility, given that the letter from his wife also failed to state that he had been detained. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Furthermore, when asked why his wife's letter made no mention of his detention, he had no explanation. Although Wu argued before the BIA that his lawyer was ineffective because he had not included the detention in the asylum application, he did not explain why his wife would also have omitted such an important detail. The reliance on this lack of corroboration is reasonable.

Because the only evidence of a threat to Wu's life or freedom depended upon his credibility, the adverse credibility determination in this case also precluded success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk